**WECHSLER HARWOOD LLP**
Robert I. Harwood (RH-3286)
Samuel K. Rosen (SR-3287)
488 Madison Avenue, 8th Floor
New York, New York 10022
Telephone: (212) 935-7400
Facsimile: (212) 753-3630

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ERIC S. BERGEN, individually and on behalf of all others similarly situated, | Civil Action No. 06-CV-6313 |
| Plaintiff, | |
| v. | |
| RICHARD L. GELFOND, BRADLEY J. WECHSLER, FRANCIS T. JOYCE and IMAX CORPORATION, | "ECF CASE" |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF,**
**AND APPROVAL OF SELECTION OF LEAD COUNSEL**

| | |
|---|---|
| MOTTI KAPLAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD L. GELFOND, BRADLEY J. WECHSLER, FRANCIS T. JOYCE and IMAX CORPORATION,<br><br>Defendants. | Civil Action No.06-CV-6128 (NRB)<br><br>"ECF CASE" |
| SANTIAGO GUZMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, and FRANCIS T. JOYCE,<br><br>Defendants. | Civil Action No.06-CV-6235 (NRB)<br><br>"ECF CASE" |
| MICHAEL J. LAROSA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, and FRANCIS T. JOYCE,<br><br>Defendants. | Civil Action No.06-CV-6349 (NRB)<br><br>"ECF CASE" |

| | |
|---|---|
| ROBERT FEENEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, and FRANCIS T. JOYCE,<br><br>Defendants. | Civil Action No.06-CV-6449 (NRB)<br><br>"ECF CASE" |
| FLOYD REYNOLDS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, and FRANCIS T. JOYCE,<br><br>Defendants. | Civil Action No.06-CV-6693 (NRB)<br><br>"ECF CASE" |
| ANOTHONY CAIFA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IMAX CORPORATION, RICHARD L. GELFOND, FRANCIS T. JOYCE, BRADLEY J. WECHSLER, and KATHRYN A. GAMBLE,<br><br>Defendants. | Civil Action No.06-CV-7075 (NRB)<br><br>"ECF CASE" |

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A. The Actions Should Be Consolidated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

B. Movant Satisfies the Lead Plaintiff Requirements And Should Be Appointed Lead Plaintiff . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

1. Movant Has Timely Moved for Appointment as Lead Plaintiff . . . . . . . . 5

2. Movant Has the Requisite Financial Interest in the Relief Sought by the Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

3. Movant Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

C. The Court Should Approve Movant's Selection of Counsel . . . . . . . . . . . . . . . . . 7

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## TABLE OF AUTHORITIES

**Cases** **Page**

Ferrari v. Impath, Inc.,
No. 03 Civ. 5667, 2004 WL 1637053 (S.D.N.Y. July 20, 2004) ..................................... 3

In re Crayfish Co. Sec. Litig.,
No. 00 Civ. 6766 IDA, 2002 WL 1268013 (S.D.N.Y. June 6, 2002) .............................. 6

Olsen v. New York Cmty. Bancorp, Inc.,
233 F.R.D. 101 (E.D.N.Y. 2005) ............................................................................ 4, 5, 6

Priest v. Zayre Corp.,
118 F.R.D. 552 (D. Mass. 1988) ....................................................................................... 6

Rossini v. Ogilvy & Mather, Inc.,
798 F.2d 590 (2d Cir. 1986) ........................................................................................... 6

Weiss v. Friedman, Billings, Ramsey Group, Inc.,
No. 05-CV-04617(RJH), 2006 WL 197036 (S.D.N.Y. Jan. 25, 2006) ........................... 4

Weltz v. Lee,
199 F.R.D. 129 (S.D.N.Y. 2001) .................................................................................... 7

**Statutes & Regulations**

Federal Rules of Civil Procedure

Fed. R. Civ. P. R.23 ..........................................................................................5, 6, 7

Fed. R. Civ. P. 42(a) ..........................................................................................1, 3

Private Securities Litigation Reform Act of 1995

15 U.S.C. § 78u-4 ......................................................................................... passim

Securities Exchange Act of 1934

§ 10(b), 15 U.S.C. § 78j(b) ........................................................................................ 1

§ 20(a), 15 U.S.C. § 78t(a) ........................................................................................ 1

Securities Exchange Commission Rules

SEC Rule 10b-5, 17 C.F.R. § 240.10b-5 ........................................................................ 1

Class member Y Lu ("Movant"), respectfully submits this Memorandum of Law in support of his motion for: (1) consolidation of related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (2) appointment of Movant as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, for the holders of all securities of IMAX Corporation ("IMAX" or the "Company") as described herein; (3) approval of Wechsler Harwood LLP ("Wechsler Harwood") and Law Offices of Bruce G. Murphy ("Murphy") as lead counsel for the class; and (4) such other relief as the Court may deem just and proper.

## I. INTRODUCTION

Presently pending before this Court are seven (7) related securities class action lawsuits brought on behalf of all persons or other entities who purchased or otherwise acquired securities of IMAX between February 17, 2006 through August 9, 2006, both dates inclusive (the "Class Period"), and were damaged thereby.

These actions are brought pursuant to §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). The related actions name current or former officers of the Company.

Pursuant to the PSLRA, prior to selecting a lead plaintiff, the court must decide whether to consolidate the actions. See 15 U.S.C. § 78u-4(a)(3)(B)(ii). As soon as practicable after its decision on consolidation, the court is to appoint as lead plaintiff the movant with the largest financial interest in the litigation that otherwise satisfies the requirements of Rule 42(a) of the Federal Rules of Civil Procedure. See 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Here, the actions should be consolidated because they each involve substantially similar issues of law and fact. See Fed. R. Civ. P. 42(a). Movant should be appointed as lead

plaintiff because: (1) Movant has submitted a certification that, upon information and belief, demonstrates he has the largest financial interest in the litigation; and (2) Movant will adequately represent the interests of the class. See 15 U.S.C. §78u-4(a)(3)(B)(iii). Finally, Movant's selection of Wechsler Harwood and Murphy to serve as lead counsel for the class should be approved. See 15 U.S.C. § 78u-4(a)(3)(B)(v).

## II. FACTUAL BACKGROUND

The related actions assert that IMAX and the other defendants made actionable misrepresentations and omissions by their failure to inform shareholders that IMAX had improperly recognized revenues for at least three financial quarters prior to June 2006.

Defendant IMAX is a corporation registered under the laws of the Country of Canada, with its corporate headquarters at 2525 Speakman Drive, Mississauga, Ontario, Canada, L5K 1B1. IMAX was founded in 1967 and is one of the world's leading entertainment technology companies and, via its chain of "high-tech" cinemas, is a distribution entity for movies made in the United States. IMAX currently has 274 movie theaters operating in 38 countries.

The complaints allege that the Company and certain senior officers and directors, violated Federal securities laws by making false and misleading statements and omissions throughout the Class Period regarding the Company's financial performance in its public filings and its press releases, as well as its offerings to the preferred stockholders. The complaints further allege that through these material misstatements and omissions, as well as the cover-up of serious operational and financial problems, defendants defrauded the market, thereby causing the Company's securities to be overvalued and artificially inflated during the Class Period.

On August 9, 2006, IMAX revealed the truth concerning its financial circumstances causing the price of the Company's common stock to fall by over 40%, or $3.91 per share. The

crash of the Company's stock price caused significant harm to Movant and IMAX's other public shareholders.

## III. ARGUMENT

### A. The Actions Should Be Consolidated

The PSLRA provides that "if more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions . . . ." Id.

In determining the propriety of consolidation, under Fed. R. Civ. P. 42(a), district courts have "broad discretion," and generally favor the view that "considerations of judicial economy favor consolidation." Ferrari v. Impath, Inc., No. 03 Civ. 5667, 2004 WL 1637053, at *2 (S.D.N.Y. July 20, 2004) (citations and quotations omitted). Indeed, several courts have noted that consolidation is particularly appropriate in the context of securities class actions if the complaints are "'based on the same "public statements and reports"'" and defendants will not be prejudiced. 2004 WL 1637053, at *2 (quoting Mitchell v. Complete Mgmt., Inc., No. 99 Civ. 1454, 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999)).

The complaints in the present actions relate to IMAX securities and allege the same misrepresentations and misconduct with respect to the same or substantially the same conduct. All of the documents to be reviewed and testimony to be taken relate to this alleged misconduct by defendants and are identical as to all actions. Therefore, consolidation is appropriate and in the interest of judicial efficiency and economy.

### B. Movant Satisfies the Lead Plaintiff Requirements And Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure governing the appointment of a lead plaintiff in private actions arising under the Exchange and Securities Acts that brought as class actions pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(1)-(3)(B)(ii).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff. See, e.g., 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, the relevant notice was published in Market Wire on August 11, 2006. See Rosen Decl., Ex. A. Within 60 days after publication of the notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. See 15 U.S.C. § 78u-4(a)(3)(A)-(B); see also Weiss v. Friedman, Billings, Ramsey Group, Inc., No. 05-CV-04617(RJH), 2006 WL 197036, at *2 (S.D.N.Y. Jan. 25, 2006).

Second, the PSLRA provides that within 90 days after publication of the notice the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. See 15 U.S.C. § 78u-4(a)(3)(B). Under this Exchange Act provision, the court "shall" appoint the "most adequate plaintiff" to serve as lead plaintiff. Olsen v. New York Cmty. Bancorp, Inc., 233 F.R.D. 101, 105 (E.D.N.Y. 2005). The Exchange Act provides that the court is to presume the "most adequate plaintiff" to be the class member plaintiff who: (1) has either filed a complaint or moved for lead plaintiff in response to a notice; (2) "has the largest financial interest in the relief sought"; and (3) satisfies the typicality and adequacy

requirements of Fed. R. Civ. P. Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). See also Olsen, 233 F.R.D. at 105.

### 1. Movant Has Timely Moved for Appointment as Lead Plaintiff

All class members interested in moving for appointment as lead plaintiff in this matter must have done so by October 10, 2006. See 15 U.S.C. § 78u-4(a)(3)(A)-(B). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on August 11, 2006), Movant hereby timely moves this Court to be appointed lead plaintiff on behalf of all members of the class. Movant also has duly signed and filed a certification stating his willingness to serve as a representative party on behalf of the class. See Rosen Decl., Ex. B.

### 2. Movant Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, Movant suffered damages of $396,338. Movant is not aware of any other lead plaintiff applicant with a larger interest in the litigation. Because Movant has a substantial financial interest and, as discussed below, otherwise satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff in this action, Movant should be appointed lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 3. Movant Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc), the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the

representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. Rule 23(a).

Of the four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Olsen, 233 F.R.D. at 108. Consequently, in deciding a motion to serve as lead plaintiff, the court need only inquire into the typicality and adequacy of the proposed lead plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. See Rossini v. Ogilvy & Mather, Inc., 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. See Priest v. Zayre Corp., 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.'") (citation omitted); In re Crayfish Co. Sec. Litig., No. 00 Civ. 6766 IDAB, 2002 WL 1268013, at *5 (S.D.N.Y. June 6, 2002).

Here, Movant satisfies this requirement because, like all other class members, Movant purchased or acquired IMAX securities during the Class Period, purchased or acquired IMAX securities in reliance upon the allegedly materially false and misleading statements issued by defendants, and suffered damages thereby. Thus, Movant's claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." The PSLRA directs the court to limit its inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the named plaintiffs and the class member; (2) the class representative's choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation; and (3) the class has a sufficient interest to ensure vigorous adequacy. Weltz v. Lee, 199 F.R.D. 129, 133 (S.D.N.Y. 2001).

Here, Movant is clearly "adequate" because his interests are aligned with the interests of the class and because he suffered from the same artificial inflation of the price of IMAX securities and would benefit from the same relief. Movant, represented by Wechsler Harwood and Murphy, firms with significant experience in the prosecution of securities fraud litigation, are more than adequately equipped and informed in this action to proceed as class representatives and lead plaintiffs. Moreover, there is no evidence of antagonism between Movant and the class. Thus, Movant, prima facie, satisfies all requirements of Rule 23 for the purposes of this Motion.

## C. The Court Should Approve Movant's Selection of Counsel

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. In that regard, Movant has selected Wechsler Harwood and Murphy to serve as lead counsel. Wechsler Harwood and Murphyhave substantial experience in the prosecution of shareholder and securities class actions and the resources necessary to efficiently conduct this litigation. See Rosen Decl., Ex. C and D. Accordingly, the Court should approve Movant's selection of counsel.

## IV. CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate all related actions; (2) appoint Movant as lead plaintiff; (3) approve Movant's selection of Wechsler Harwood and Murphy to serve as lead counsel for plaintiff and the class; and (4) order such other relief as the Court may deem just and proper.

Dated: October 10, 2006

Respectfully submitted,

**WECHSLER HARWOOD LLP**

By: /S/ Samuel K. Rosen
Robert I. Harwood (RH-3286)
Samuel K. Rosen (SR-3287)
488 Madison Avenue
New York, NY 10022
Tel.: (212) 935-7400

**LAW OFFICES OF BRUCE G. MURPHY**
Bruce G. Murphy
265 Llwyds Lane
Vero Beach, FL 32963-3252
Tel.: (772) 231-4202

Attorneys for Plaintiff