# EXHIBIT A

Return to Release

## The Paskowitz Law Firm Files Class Action on Behalf of IMAX Corporation Investors

NEW YORK, NY -- (MARKET WIRE) -- 08/11/2006 -- The Paskowitz Law Firm, P.C. announces that is has filed a lawsuit on behalf of purchasers of the securities of IMAX Corp. ("IMAX" or "the Company") (NASDAQ: IMAX) from February 17, 2006 through August 9, 2006 ("the Class Period"). The action was filed in the Southern District of New York against IMAX, and certain of its officers and directors.

For further information you may call toll free, 1-800-705-9529, or contact counsel by e-mail by writing to lpaskowitz@pasklaw.com.

The Complaint alleges violations of the federal securities laws through false and misleading statements and omissions concerning IMAX's financial health and business prospects. During February and March 2006, the company issued press releases touting the Company's financial success, and indicated the Company's willingness to explore financial options. A press release issued as late as May 9, 2006 continued to mislead investors concerning IMAX's true financial condition.

Then on August 9, 2006, the Company shocked the market by announcing that it was being investigated by the SEC and that the Company had uncovered a "material weakness" in its revenue accounting. The press release also stated the Company had yet to find an investor to effectuate a merger or purchase. After these announcements the Company's stock substantially dropped. The Complaint further alleges that IMAX and its top executives knew during the Class Period that revenue was being improperly recognized, but failed to make the necessary adjustments, thus artificially inflating the stock.

If you purchased IMAX stock during the Class Period, you may qualify to serve as Lead Plaintiff on behalf of the Class, which consists of all persons and entities who purchased IMAX stock from February 17, 2006 through August 9, 2006. You are not required to have sold your IMAX stock in order to claim damages, or to serve in this role. All motions for appointment as Lead Plaintiff must be filed with the Court no later than October 10, 2006.

If you wish to discuss this action or have any questions concerning this notice or your rights or interests with respect to this matter, please contact Mr. Paskowitz. Mr. Paskowitz will personally speak with you at no cost or obligation.

---

If you purchased IMAX stock, and would like further information, please contact:

The Paskowitz Law Firm, P.C.
Laurence Paskowitz, Esq.
Toll free: 1-800-705-9529

---

Return to Release

# EXHIBIT B

**CERTIFICATION OF NAMED PLAINTIFF**
**PURSUANT TO FEDERAL SECURITIES LAWS**

I, Y Lu, ("Plaintiff") declare the following claims asserted under the federal securities laws, that:

1. Plaintiff has reviewed the complaint and authorized its filing. Plaintiff retains the Law Offices of Bruce G. Murphy, P.C. and such co-counsel it deems appropriate to associate with to pursue such action on a contingent fee basis.

2. Plaintiff did not acquire the securities that are the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff has made the following transaction(s) during the Class Period in the securities that are the subject of this action:

See form A

| No. of Shares | Stock Symbol | Buy/Sell | Date | Price Per Share |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Please list other transactions on a separate sheet of paper, if necessary.

5. During the three years prior to the date of this Certificate, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as detailed below:

None

6. The Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7 day of Oct., 2004.

[signature]
Signature

Y Lu
Print Name

FORM A

| TradeDate | Symbol | ShortDescription | BuySellCode | Quantity | Price | PrincipalAmount | NetAmount |
|---|---|---|---|---|---|---|---|
| 9/15/2006 | IMAX | IMAX CORP | B | 11200 | $ 12.50 | $ (140,000.00) | $ (140,005) |
| 8/15/2006 | IMAX | IMAX CORP | B | 2100 | $ 12.50 | $ (26,250.00) | $ (26,255) |
| 8/10/2006 | IMAX | IMAX CORP | B | 13500 | $ 12.50 | $ (168,750.00) | $ (168,755) |
| 6/16/2006 | IMAX | IMAX CORP | B | 5800 | $ 10.00 | $ (58,000.00) | $ (58,005) |
| 5/8/2006 | IMQ XV | IMAX Dec '06 @ 12.50 PUT | Sell to Open | -10 | $ 3.30 | $ 3,300.00 | $ 3,294.89 |
| 4/25/2006 | IMQ XV | IMAX Dec '06 @ 12.50 PUT | Sell to Open | -30 | $ 3.20 | $ 9,600.00 | $ 9,584.70 |
| 4/7/2006 | IMQ UV | IMAX Sep '06 @ 12.50 PUT | Sell to Open | -50 | $ 3.00 | $ 15,000.00 | $ 14,974.53 |
| 4/7/2006 | IMQ UV | IMAX Sep '06 @ 12.50 PUT | Sell to Open | -70 | $ 3.00 | $ 21,000.00 | $ 20,964.35 |
| 4/7/2006 | IMQ UV | IMAX Sep '06 @ 12.50 PUT | Sell to Open | -10 | $ 3.10 | $ 3,100.00 | $ 3,094.90 |
| 4/6/2006 | IMQ UV | IMAX Sep '06 @ 12.50 PUT | Sell to Open | -10 | $ 3.00 | $ 3,000.00 | $ 2,994.90 |
| 4/6/2006 | IMQ UV | IMAX Sep '06 @ 12.50 PUT | Sell to Open | -12 | $ 3.00 | $ 3,600.00 | $ 3,593.88 |
| 4/6/2006 | IMQ UV | IMAX Sep '06 @ 12.50 PUT | Sell to Open | -25 | $ 3.00 | $ 7,500.00 | $ 7,487.26 |
| 3/31/2006 | IMQ UV | IMAX Sep '06 @ 12.50 PUT | Sell to Open | -10 | $ 3.00 | $ 3,000.00 | $ 2,994.90 |
| 3/31/2006 | IMQ UV | IMAX Sep '06 @ 12.50 PUT | Sell to Open | -10 | $ 3.00 | $ 3,000.00 | $ 2,994.90 |
| 3/31/2006 | IMQ UV | IMAX Sep '06 @ 12.50 PUT | Sell to Open | -10 | $ 3.00 | $ 3,000.00 | $ 2,994.90 |
| 3/31/2006 | IMQ UV | IMAX Sep '06 @ 12.50 PUT | Sell to Open | -30 | $ 3.00 | $ 9,000.00 | $ 8,984.72 |
| 3/30/2006 | IMQ UV | IMAX Sep '06 @ 12.50 PUT | Sell to Open | -10 | $ 3.10 | $ 3,100.00 | $ 3,094.90 |
| 3/29/2006 | IMQ RB | IMAX Jun '06 @ 10.00 PUT | Sell to Open | -8 | $ 0.95 | $ 760.00 | $ 754.97 |
| 3/28/2006 | IMQ RB | IMAX Jun '06 @ 10.00 PUT | Sell to Open | -10 | $ 0.95 | $ 950.00 | $ 944.97 |
| 3/27/2006 | IMQ RB | IMAX Jun '06 @ 10.00 PUT | Sell to Open | -10 | $ 0.90 | $ 900.00 | $ 894.97 |
| 3/27/2006 | IMQ RB | IMAX Jun '06 @ 10.00 PUT | Sell to Open | -10 | $ 0.90 | $ 900.00 | $ 894.97 |
| 3/27/2006 | IMQ RB | IMAX Jun '06 @ 10.00 PUT | Sell to Open | -20 | $ 0.90 | $ 1,800.00 | $ 1,789.94 |

# EXHIBIT C

**WECHSLER HARWOOD LLP**
**FIRM DESCRIPTION**

The law firm of Wechsler Harwood LLP ("Wechsler Harwood" or the "Firm") specializes in complex, multi-party litigation with an emphasis on securities class actions, shareholder derivative and ERISA litigation. The Firm also handles more general complex commercial litigation involving allegations of breach of contract, breach of fiduciary duty, fraud, and negligence, as well as litigation involving consumer fraud, anti-competitive conduct, and other commercial claims.

Wechsler Harwood is dedicated to prosecuting socially useful actions in the most efficient manner and with the highest level of professional competence. The structure of the Firm allows us a far greater degree of independence, flexibility, and satisfaction than a large firm environment, without sacrificing the quality of representation necessary to successfully litigate complex actions throughout the country. The Firm maintains an excellent reputation -- among both the plaintiffs' and defense bars. Our adversaries and co-counsel know that we take a case to trial, if necessary, to achieve a satisfactory result for our clients.

Wechsler Harwood has been acknowledged by courts and by its peers to be one of the leaders in the plaintiffs' shareholder advocacy bar. In this regard, we have developed new law in the areas of tender offers, fiduciary duty of corporate insiders to public shareholders in mergers and takeovers, and general principles of required disclosure to shareholders and institutional investors in public companies.

As a result, the Firm has been designated as lead, co-lead or special counsel in numerous complex cases and other actions involving shareholder rights and corporate governance. In the vast majority of such actions, the Firm's skill and expertise has led to the recovery of

substantial monetary and equitable benefits for investors, stockholders, corporations, and partnerships. By way of example, the following litigated actions, in which the Firm served in a leadership capacity, were all brought to highly successful conclusions: 1) In re First Capital Holdings Corporation Financial Products Securities Litigation, MDL 901 (C.D.Cal.) (restoration of over $1 billion in insurance policies and benefits); 2) In re Royal Dutch/Shell Transport ERISA Litigation, (D.N.J.) (creation of settlement fund of $90 million plus implementation of structural relief); 3) In re Prudential Bache Energy Income Partnerships Securities Litigation, MDL 880 (E.D.La.) (creation of settlement fund in excess of $90 million); 4) In re JWP Inc. Securities Litigation, (S.D.N.Y.) (creation of settlement fund in excess of $37 million); 5) Morse v. McWhorter, (M.D. Tenn.)(creation of a settlement fund of $49.5 million on behalf of investors in Columbia/HCA Healthcare Corp.); 6) In re BankOne Securities Litigation, (N.D. Ill.) (creation of a $45 million settlement fund); and 7) Sidney Morse, et al. v. Abbott Laboratories, et al., (N.D. Ill.) (creation of a $14.1 million settlement fund following a jury verdict for plaintiffs).

Courts have often recognized the Firm's skill in class actions. For example, in In re Electro-Catheter Securities Litigation, Judge Nicholas Politan of the District of New Jersey stated:

> [C]ounsel in this case are highly competent, very skilled in this very specialized area and were at all times during the course of the litigation that I participated in, which was perhaps the major part of the Court litigation here, always well prepared, well spoken, and knew their stuff and they are a credit to their profession. They are the top of the line.

## THE ATTORNEYS OF THE FIRM

**Robert I. Harwood**, senior partner of the Firm, graduated from William and Mary Law School in 1971, and has specialized in securities law and securities litigation since beginning

his career in 1972 at the Enforcement Division of the New York Stock Exchange. He has prosecuted numerous securities, class, derivative, and ERISA actions. He is a member of the Trial Lawyers' Section of the New York State Bar Association and has served as a guest lecturer at trial advocacy programs sponsored by the Practicing Law Institute.

Commenting on Mr. Harwood's abilities, in In re Royal Dutch/Shell Transport ERISA Litigation, (D.N.J.), Judge Bissell stated:

> the Court knows the attorneys in the firms involved in this matter and they are highly experienced and highly skilled in matters of this kind. Moreover, in this case it showed. Those efforts were vigorous, imaginative and prompt in reaching the settlement of this matter with a minimal amount of discovery . . . . So both skill and efficiency were brought to the table here by counsel, no doubt about that.

Likewise, Judge Hurley stated in connection with In re Olsten Corporation Securities Litigation, 97 CV-5056 (E.D.N.Y. Aug. 31, 2001), wherein a settlement fund of $24.1 million was created: "The quality of representation here I think has been excellent." Mr. Harwood was lead attorney in Meritt v. Eckerd, 86 Civ. 1222 (E.D.N.Y. May 30, 1986), where then Chief Judge Weinstein observed that counsel conducted the litigation with "speed and skill" resulting in a settlement having a value "in the order of $20 Million Dollars." Mr. Harwood prosecuted the Hoeniger v. Aylsworth class action litigation in the United States District Court for the Western District of Texas (SA-86-CA-939), which resulted in a settlement fund of $18 million and received favorable comment in the August 14, 1989 edition of The Wall Street Journal ("Prospector Fund Finds Golden Touch in Class Action Suit" p. 18, col. 1). Mr. Harwood served as co-lead counsel in In Re Interco Incorporated Shareholders Litigation, Consolidated C.A. No. 10111 (Delaware Chancery Court) (May 25, 1990), resulting in a settlement of $18.5 million, where V.C. Berger found, "This is a case that has an

extensive record that establishes it was very hard fought. There were intense efforts made by plaintiffs' attorneys and those efforts bore very significant fruit in the face of serious questions as to ultimate success on the merits."

Mr. Harwood recently served as lead counsel in Morse v. McWhorter, (Columbia/HCA Healthcare Securities Litigation) (M.D. Tenn.), in which a settlement fund of $49.5 million was created for the benefit of the Class, as well as In re Bank One Securities Litigation, (N.D. Ill.), which resulted in the creation of a $45 million settlement fund. Mr. Harwood also served as co-lead counsel in In re Safety-Kleen Corp. Stockholders Litigation, (D.S.C.), which resulted in a settlement fund of $44.5 million; In re Laidlaw Stockholders Litigation, (D.S.C.), which resulted in a settlement fund of $24 million; In re JWP Inc. Securities Litigation, (S.D.N.Y.), which resulted in a $37 million settlement fund; In re Oxford Health Plans, Inc. Derivative Litigation, (S.D.N.Y.), which resulted in a settlement benefit of $13.7 million and corporate therapeutics; and In re UNUMProvident Corp. Securities Litigation, (D. Me.), which resulted in the creation of settlement fund of $45 million.

**Joel C. Feffer**, one of the senior members of the firm, was the partner supervising the litigation of In re Home Shopping Network, Inc., Derivative Litigation, (S.D. Fla.), which created a settlement benefit in excess of $20 million, and Edge Partners, L.P. v. Dockser, et al., (D. Md.), which created a settlement benefit in excess of $11 million. In addition, Mr. Feffer was in charge of Dornberger v. Metropolitan Life Insurance Company in the Southern District of New York, which created a settlement benefit of more than $20 million; the successful prosecution of the Regeneron Pharmaceuticals, Inc. Securities Litigation in the Southern District of New York, which created a settlement fund in excess of $4 million; and Croyden Assoc. v. Tesoro Petroleum Corp., et al., (Del.

Ch.), which created a settlement benefit of $19.2 million on behalf of holders of preferred stock of Tesoro Petroleum Corp.

Mr. Feffer graduated from Georgetown University Law Center in 1967 and specialized in corporate law and securities litigation. Mr. Feffer is a member of both the New York State and American Bar Associations.

**Daniella Quitt**, a member of the Firm, graduated from Fordham University School of Law in 1988, is a member of the Bar of the State of New York, and is also admitted to the United States District Courts for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Second and Fifth Circuits.

Ms. Quitt has played a significant role in numerous actions in which Wechsler Harwood served as lead or co-lead counsel, wherein substantial benefits were conferred upon plaintiff shareholders, such as In re Safety-Kleen Corp. Stockholders Litigation, (D.S.C.) ( settlement fund of $44.5 million); In re Laidlaw Stockholders Litigation, (D.S.C.) (settlement fund of $24 million; In re UNUMProvident Corp. Securities Litigation, (D. Me.) (settlement fund of $45 million); In re Harnischfeger Industries (E.D. Wisc.) (settlement fund of $10.1 million); In re Oxford Health Plans, Inc. Derivative Litigation, (S.D.N.Y.) (settlement benefit of $13.7 million and corporate therapeutics); In re JWP Inc. Securities Litigation, (S.D.N.Y.) (settlement fund of $37 million; In re Home Shopping Network, Inc., Derivative Litigation, (S.D. Fla.) (settlement benefit in excess of $20 million); In re Rexel Shareholder Litigation, (Sup. Ct. N.Y. County) (settlement benefit in excess of $38 million); and Croyden Assoc. v. Tesoro Petroleum Corp., et al., (Del. Ch.) (settlement benefit of $19.2 million).

Recently, in connection with the settlement of Alessi v. Beracha, (Del. Ch.), a class action brought on behalf of the former minority shareholders of Earthgrains, Chancellor Chandler commented: "I give credit where credit is due, Ms. Quitt. You did a good job and got a good result, and you should be proud of it."

Prior to joining Wechsler Harwood in May 1991, Ms. Quitt represented both plaintiffs and defendants in complex commercial litigation. Since her affiliation with Wechsler Harwood, Ms. Quitt has focused her practice on shareholder rights but continues to handle general commercial and consumer litigation.

**Matthew M. Houston**, a member of the Firm, graduated from Boston University School of Law in 1988. Mr. Houston is a member of the Bar of the State of New York and the Commonwealth of Massachusetts. Mr. Houston is also admitted to the United States District Courts for the Southern and Eastern Districts of New York and the District of Massachusetts. Since his affiliation with Wechsler Harwood in 1992, Mr. Houston has concentrated his practice exclusively in the field of shareholder rights.

Mr. Houston has played a principal role in numerous class actions wherein substantial benefits were conferred upon plaintiffs: Pace American Shareholder Litigation, 94-92 TUC-RMB (securities fraud class action settlement resulting in a recovery of $3.75 million); In re Bay Financial Securities Litigation, Master File No. 89-2377-DPW, (J. Woodlock) ( D. Mass.) (settlement of action based upon federal securities law claims resulting in class recovery in excess of $3.9 million); Crandon Capital Partners v. Sanford M. Kimmel, C.A. No. 14998 (J. Chandler) (Del. Ch. 1996) (settlement of an action on behalf of shareholders of Transnational Reinsurance Co. whereby acquiring company provided an additional $10.4 million in merger); Goldsmith v. Technology

Solutions Company, 92 C 4374 (J. Manning) (N.D. Ill. 1992) (recovery of $4.6 million as a result of action alleging false and misleading statements regarding revenue recognition).

**Samuel K. Rosen**, a member of the Firm, graduated Princeton University in 1965 and cum laude from Harvard Law School in 1968. Mr. Rosen has had extensive experience in securities class action litigation, as well as complex corporate and commercial litigation. Mr. Rosen has also represented public and private companies in matters of general corporate concern.

In 1979, Mr. Rosen argued in the United States Supreme Court, and won, the landmark case, Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322 (1979). Mr. Rosen played a key role in the successful prosecution of Morse v. McWhorter, (M.D. Tenn.) (creation of a settlement fund of $49.5 million on behalf of investors in Columbia/HCA Healthcare Corp.) and In re Olsten Corporation Securities Litigation, (E.D.N.Y.) (creation of a settlement fund of $24.1 million).

**James G. Flynn**, a member of the Firm, graduated cum laude from Fordham College in 1980 and cum laude from St. John's School of Law in 1988. Mr. Flynn is a member of the Bar of the State of New York and is also admitted to the United States District Courts for the Southern and Eastern Districts of New York and to the United States Court of Appeals for the Second and the Fifth Circuits.

Mr. Flynn has played a principal role in numerous class, derivative, and consumer actions wherein substantial benefits were conferred upon investors and consumers, such as In re Executive Telecard, Ltd. Securities Litigation, 94 Civ. 7846 (CLB) (S.D.N.Y.) (settlement benefit in cash and options of over $4 million in Federal securities action); In re Verizon Three Way Calling Litigation, No. 603484-01 (Sup. Ct. N.Y. County) (class action settlement providing full refund of improper three way calling charges of up to $2 million collected); In re Graham-Field Health

Products, Inc. Securities Litigation, No. 98-CV-1923 (DRH) (E.D.N.Y.) ($5,650,000 settlement of Federal securities class action); and Geer v. Cox, et al., Case No. 01-2583-JAR (D. Kan.) (derivative settlement of $2.5 million in class and derivative action).

Prior to joining Wechsler Harwood, Mr. Flynn represented both plaintiffs and defendants in commercial and securities litigations and in class actions. Since his affiliation with Wechsler Harwood in 1994, Mr. Flynn has focused his practice in the field of shareholder and consumer rights but continues to handle general and complex commercial litigation as well.

**William R. Weinstein**, a member of the Firm, has been litigating for almost 20 years, and has been responsible for all phases of lawsuits, from commencement of the action through trial, appeal and/or settlement. His focus has been complex corporate and commercial litigation, with a specialty representing plaintiffs in class actions, including securities and consumer fraud. Some favorably reported decisions in which Mr. Weinstein has been involved include: Broder v. MBNA Corp., 281 A.D.2d 369, 722 N.Y.S.2d 524 (1st Dept. 2001) (subsequent settlement valued in excess of $25 million); Rodney v. KPMG, 143 F.3d 1140 (8th Cir. 1998) (reversing grant of summary judgment ) ($13.9 million settlement against accountants in mutual fund securities fraud case); In re Avon Sec. Litig., 1998 U.S. Dist. LEXIS 18642 (S.D.N.Y. Nov. 19, 1998) (granting class certification) (trial completed November, 2001, awaiting verdict on securities fraud and contract claims for $145 million); In re Henry Hackel, 245 A.D.2d 124, 665 N.Y.S.2d 655 (1st Dep't 1997), appeal denied, 92 N.Y.2d 814, 681 N.Y.S.2d 474 (1998) (consolidated AMEX arbitration against broker/dealer on behalf of 97 claimants arising out of options Ponzi scheme) (award in excess of $825,000 after more than 15 hearing days); Winston v. Mezzanine Investments, L.P., 648 N.Y.S.2d 493 (Sup. Ct. N.Y. County 1996) (awarding judgment in excess of $10 million after trial for breach

of partnership agreement); and Krouner v. American Heritage Fund, 1996 U.S. Dist. LEXIS 9783 (S.D.N.Y. July 15, 1996) (sustaining complaint alleging securities fraud by mutual fund).

A substantial number of his other successes in consumer and securities class actions are unreported. See, e.g., Winn v. Symons Int'l Group, Inc., et al., IP 00-0310-C-B/S (S.D. Ind. Feb. 19, 2002) (denying all of the individual, corporate and accounting defendants' motions to dismiss plaintiffs' Section 10(b) class action complaint); In re Verizon Three Way Calling Litig., No. 603484-01 (Supreme Ct. N.Y. County) (class action settlement providing full refund of improper three way calling charges of up to $2 million collected); Greenwald v. Manhattan Life Ins. Co., No. 604758-99 (Supreme Ct. N.Y. County) (class action settlement providing 50%-100% refund of excessive smoker life insurance rates charged to non-smoker class members); Duke v. ReliaStar Life Ins. Co., No. CT 99-08254 (MN. D. Ct. Hennepin County) (settlement in principle in multi-million dollar vanishing premium insurance case after court denied defendant's motion to dismiss from bench) (argued by William R. Weinstein); In re Del-Val Sec. Litig., Master No. MDL 872 (S.D.N.Y.) (combined $5.5 settlement against underwriters and accountants.

**Jeffrey M. Norton**, a member of the Firm, graduated with honors from Arizona State University in 1992 where he also earned a Junior Fellowship position within the Political Science Department. Mr. Norton graduated cum laude from Pace University School of Law in 1997 where he received a Dean's Grant as well as a Public Interest Law Scholarship for his work with the Center for Constitutional Rights in New York City and Pace University's Social Justice Center.

Mr. Norton has played a key role in numerous securities and ERISA actions in which substantial benefits were conferred upon class members, including In re Royal Dutch/Shell Transport ERISA Litigation, (D.N.J.) (creation of a settlement fund of $90 million plus implementation of

structural relief). Prior to joining Wechsler Harwood, Mr. Norton represented both plaintiffs and defendants in a wide range of commercial and civil litigation matters, including civil rights, voting rights, mass tort and complex class action litigation, and professional liability litigation. He drafted supplement to Paul D. Rheingold, MASS TORT LITIGATION (1996) and assisted in litigating the seminal voting rights case of Goosby v. Town Board of the Town of Hempstead, 981 F. Supp. 751 (E.D.N.Y. 1997), aff, 180 F.3d 476 (2d. Cir. 1999), cert. denied, 528 U.S. 1138 (2000). Mr. Norton is admitted in the State Courts of New York and Connecticut as well as the United States District Courts for the Southern and Eastern Districts of New York, the Eastern District of Michigan, and the United States Court of Appeals for the Fourth Circuit.

**Peter W. Overs, Jr.**, an associate of the firm, was admitted to the New York Bar in 1994 and the U.S. District Court, Southern and Eastern Districts of New York in 1995. He is a graduate of St. Johns University (J.D., 1993) and New York University (B.A., magna cum laude, departmental honors in Philosophy, 1990). Mr. Overs authored "*U.S. v. Fagg*: Stretching the Bounds of Privacy," 66 St. Johns L. Rev. 1193 (1993). He is a member of the Association of the Bar, City of New York. Upon graduation from law school, Mr. Overs served as law clerk to the Honorable Paul J. Kelly, Jr., Circuit Judge, Unites States Court of Appeals for the Tenth Judicial Circuit. Prior to becoming an associate of the Firm, Mr. Overs represented both plaintiffs and defendants in antitrust and securities class actions, complex commercial litigation and federal appeals.

**Jennifer K. Hirsh**, an associate at the Firm, graduated from Brown University with a Bachelor of Arts in History. She received her J.D. from the Benjamin N. Cardozo School of Law in 2001, where she was the Senior Articles Editor of the Journal of International and Comparative Law. Ms. Hirsh is a member of the Bar of the State of New York. Prior to joining the Firm,

Ms. Hirsh represented plaintiffs in a variety of complex commercial, securities, class action, and shareholder litigation, including as a senior member of the trial team that prosecuted In re Walt Disney Deriviative Litigation.

The efforts of **Stuart D. Wechsler**, a founding member of and of counsel to the Firm, in the area of securities litigation have received considerable judicial comment. U.S. District Court Judge Alvin K. Hellerstein commented in Doney v. Command Systems (98 Civ. 3279), in an opinion dated August 10, 1999 "I don't think it needs my comment to note that, Mr. Wechsler, you are a senior and most respected and most competent member of the securities class action bar. I would take it as a given your hours are worth the rates that you charge and that the hours that you have put in reflect the efficiency with which you work." In a report dated May 23, 1977, in Bucher v. Shumway, 76 Civ. 2420 (S.D.N.Y.), United States Magistrate Leonard Bernikow stated that "Stuart Wechsler . . . is a leading expert in securities class action litigation."

In Langert v. Q-1 Corporation, [1973-74 Tr. Binder] Fed. Sec. L. Rep. (CCH) ¶ 94,445 (S.D.N.Y. 1974), a case that Mr. Wechsler prosecuted while at his prior firm, Goodkind, Wechsler, Labaton & Rudoff, Judge Carter of the Southern District of New York stated in a decision certifying the class:

> Counsel for plaintiff are experienced in securities law and class action litigation and will adequately protect the interest of the class.

Judge Lasker, in Rosengarten v. International Telephone and Telegraph Corp., [1981 Tr. Binder] Fed. Sec. L. Rep. (CCH) ¶ 97,876 (S.D.N.Y. 1981), an action in which Mr. Wechsler supervised Goodkind, Wechsler's participation on behalf of the plaintiff class stated:

> [C]ounsel [are] attorneys of experience and repute in the field of stockholder and derivative actions . . . they served the corporation and

> its stockholders with professional competence, "admirable diligence", imagination and tenacity. They contributed to the improvement of the company's procedures and performed a service to both the company and to the stockholders.

Mr. Wechsler also led the team of attorneys that successfully prosecuted the class action, Park Lane Hosiery Co., Inc. v. Shore, 439 U.S. 322 (1979), to a landmark decision in federal civil procedure. He was also the responsible partner in Van Gemert v. Boeing, one of the earliest actions maintained as a class action under the then newly amended Federal Rules of Civil Procedure and one of the very few securities class actions ever to go to trial and judgment. Moreover, Mr. Wechsler played an integral role in obtaining a landmark Supreme Court decision in an important phase of that action. See Boeing Co. v. Van Gemert, 444 U.S. 472 (1980).

# EXHIBIT D

**FIRM BIOGRAPHY**

**BRUCE G. MURPHY, P.C.**

Bruce G. Murphy is the president of Bruce G. Murphy, P.C., a Virginia professional corporation. The firm has its office in Vero Beach, Florida.

Mr. Murphy attended the University of Virginia from 1954 to 1958 and attended Sorbonne University in Paris, France, in 1958 and 1959. He received his law degree in 1962 from the University of Richmond Law School. He was admitted to the Virginia Bar and to the Virginia Supreme Court in 1962. Mr. Murphy is admitted to practice before the United States District Court for the Eastern District of Virginia and the United States Court of Appeals for the Fourth Circuit.

Mr. Murphy is involved in numerous major securities class action suits pending in federal courts throughout the United States. He is also involved in a number of shareholder derivative actions in state and federal courts throughout the United States.

Mr. Murphy acted as co-lead counsel in a shareholder derivative action where Judge Doty recently approved a settlement creating sound and rigorous corporate governance reforms. In Re: Xcel Energy, Inc. Derivative Litigation, Master File No. 02-2677 (DSS/FLN) MDL No. 1511, filed in the United States District Court, District of Minnesota.

Mr. Murphy is currently co-lead counsel in the Krispy Kreme shareholders' derivative action. Wright,et al v. Krispy Kreme Dougnuts, Inc., et als, Case 1:04-cv-00832-WLO, pending in the Untied States District Court for the Middle District of North Carolina. In an opinion filed on October 28, 2005 by District Judge Osteen, the Court stated that the reading of the biographies shows "the proposed Lead Counsel firms are experienced in complex, derivative litigation."